UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHRISTOPHER MARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:15-CV-118 |
| v. ) | |
| ) | |
| STATE OF INDIANA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Christopher Marks, a *pro se* plaintiff, filed an *in forma pauperis* petition [DE 4] and a complaint pursuant to 42 U.S.C. § 1983 [DE 1]. Marks has also filed a Motion for Courts to Appoint Legal Assistance [DE 3], Application for Assistant U.S. Special Prosecutor [DE 5], 18 US Code 3332 Request for Special Grand Jury Inquiry [DE 6], and Declaration of Independence from the United States of America [DE 7].

Marks sues the State of Indiana, the Attorney General, the Fort Wayne Police Department, various police officers, Allen County Correctional Facility, Allen County Sheriff's Department, and the Sheriff for various alleged constitutional deprivations under Section 1983 that appear to be in connection with state court charges arising sometime late in 2014. The following is a summary of Marks' many allegations, to the extent that I can decipher them: First, Marks alleges that Defendant State of Indiana's judicial system is corrupt and does not afford "the governed" a fair trial. [DE 1 at 2-3.] He also claims the State of Indiana denied his "objection to admittance of a 911 call as evidence on May 5th

1

of 2015" [DE 1 at 4] and that his Fifth Amendment rights were violated by the way the State of Indiana utilizes its grand jury system; namely, that it reserves the right to a grand jury for "'Political' legal issues" and denied an oral motion to dismiss his charges for failure to use a grand jury in his matter [*id.*].

Marks alleges that Defendant Detective Dubose violated his due process rights by engaging in "evidence tampering" in "dereliction of duty" because Dubose didn't return Marks' phone calls regarding a statement he wished to give about the charges against him. [DE 1 at 5-6.] He further alleges Defendant Fort Wayne Police Department violated his due process rights and tampered with evidence by not providing some photos to the court in a timely way and failing to take Marks' statement. [*Id.*]

Marks further alleges that Defendant Patrol Officer Simpson of the Fort Wayne Police Department caused Marks "financial damages from medical expenses incurred while in [Simpon's] custody." [*Id.*] The basis for this allegation appears to be Simpon's "attempt to coerce the Plaintiff to submit to a breathalyzer test" and "attempt[ing] to coerce the medical staff to violate the Plaintiff's rights" (presumably, by attempting to check his blood-alcohol levels). [*Id.*] He claims these actions have violated his Fifth Amendment right against self-incrimination, his Fourth Amendment right against unreasonable searches and seizures, and his First Amendment right to freedom of religion. [*Id.*]

Marks also claims that Defendant Allen County Sheriff's Department violated the Eighth Amendment's prohibition against cruel and unusual punishment due to the conditions at the jail where he was housed and the food he was served during that time.

Finally, Marks claims Defendant Magistrate Judge David Zent – who was then Marks' attorney – did not represent him to the fullest of Zent's capabilities because, during the representation, he was in the process of being "appointed" to the position of Magistrate Judge. [*Id*. at 9.]

Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009)(*citing* and *quoting Twombly* and *Iqbal*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 602. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Marks brings his claim under 28 U.S.C § 1983. To state a claim under Section 1983, Marks must allege that "the defendants, while acting under color of state law, deprived him of a federal right." *Jackson v. Compton*, No. 97-1455, 151 F.3d 1032, at *1 (7th Cir. 1998).

3

Marks alleges various constitutional deprivations, but for the reasons stated below, Marks has failed to state a viable claim against any of these actors.

First, the State of Indiana is an improper entity, as states are generally immune from suit under the Eleventh Amendment – including claims for monetary relief for payments already made, declaratory relief, and injunctive relief. *Darne v. State of Wis. Dep't. Of Rev.*, 137 F.3d 484, 487-88 (7th Cir. 1998). This also applies to state officials sued in their official capacities for damages, such as Attorney General Greg Zoeller. *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Mr. Zoeller is not, however shielded from private suits seeking injunctive relief. *Garcia*, 24 F.3d at 969. It is unclear whether Marks seeks monetary or injunctive relief from Zoeller, though, because Marks has not actually made any allegations against him, other than listing him as a party. That reason alone – the fact that no allegations have been made against Zoeller – warrants dismissal, so I need not decide what type of relief has been requested. Thus the State of Indiana and Attorney General Greg Zoeller must be dismissed.

I will further dismiss the Forth Wayne Police Department, the Allen County Correctional Facility, and the Allen County Sheriff's Department because none of these are suable entities. *Ball v. City of Indianapolis*, 760 F.3d 636, 643 (7th Cir. 2014) (police department not suable); *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (county jail not a suable entity); *Beiler v. Jay County Sheriff's Office,* No. 1:11-CV-380, 2012 WL 2880563, at *2 (N.D. Ind. July 13, 2012) (sheriff's department not suable).

Although these entities are not suable, their officials are suable for their own actions (or inactions), so Police Chief Garry Hamilton and Allen County Sheriff Dave Gladieux are suable. But there is no general supervisory liability under Section 1983. As the Seventh Circuit has explained, a supervisor must be personally involved in the misconduct of his or her subordinates in order to be held liable for the violation of a plaintiff's constitutional rights. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Mere negligence in failing to discover and prevent a subordinate's misconduct is not enough. *Id*. "The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id*. Here, Marks has not alleged that the Sheriff or Police Chief facilitated, approved of, condoned, or turned a blind eye to any of the mistreatment Marks claims. Police Chief Garry Hamilton and Allen County Sheriff Dave Gladieux will therefore be dismissed.

Regarding Marks' claim against Detective Calvin R. Dubose, Marks has done nothing more than make threadbare assertions that his Fourteenth Amendment right to due process was violated. The only "misconduct" that Marks alleges against the detective, as opposed to the police department, is that Detective Dubose failed to return some phone calls and didn't attend his trial. Neither of these actions implicates Marks' due process rights. At most, Marks possibly alleges negligence on Dubose's part, and "mere negligence is insufficient to give rise to a constitutional violation under the Fourteenth Amendment." *Bublitz v. Cottey*, 327 F.3d 485, 491 (7th Cir. 2003). And although Marks characterizes these

5

actions as a failure to investigate, that cause of action, standing alone, is not enough to support a Section 1983 claim because the police have no constitutional duty to investigate after sufficient probable cause is found for an arrest. *Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986); *see also Walker v. Joseph Considine, Star No. 15831*, No. 13-C-4216, 2014 WL 6820130, at *3-4 (N.D.Ill. Dec. 3, 2014( (no separate cognizable claim under Section 1983 for failure to investigate). Since Marks has no other cognizable claim against Detective Dubose, he will also be dismissed.

As to Patrol Officer Daniel Simpson, Marks alleges only that he "attempted to coerce" him into taking a breathalyzer test in an "attempt to violate the Plaintiff's 4th Amendment rights." At most, this alleges an attempted constitutional violation, which is not actionable under Second 1983. There is no allegation that Marks actually took the breathalyzer test, and thus, "there is no conduct on which to base a constitutional violation." *SSDD Enterprises, Inc. v. Village of Lansing,* No. 95 C 6064, 1998 WL 326727, at *14 (N.D.Ill. 1998) *citing Andree v. Ashland County*, 818 F.2d 1306, 1311 (7th Cir. 1987) ("the mere attempt to deprive a person of his First Amendment rights is not, under usual circumstances, actionable under section 1983."). Thus, Marks' claims against Simpson will likewise be dismissed.

Finally, Marks' claims against Magistrate Judge Zent (who represented Marks prior to becoming a judge) are at most an attempt to make an ineffective assistance of counsel claim. But an ineffective assistance of counsel is also not cognizable under Section 1983 and therefore must be dismissed. Marks alleges that Zent was his court-appointed

attorney, so I will assume that Zent was a public defender (and therefore an employee of the state), as opposed to a private practitioner representing Marks *pro bono* (in which case Section 1983 would certainly not apply). Even so, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Jackson*, 151 F.3d 1032, at *1, *quoting Polk County v. Dodson*, 454 U.S. 312, 325 (1981). I will therefore also dismiss his claims against Magistrate Judge Zent.

At bottom, Marks has failed to state a claim against any of the named defendants. Thus, for the foregoing reasons, the *in forma pauperis* petition is denied, all other pending motions are denied as moot, and this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). Marks will have 30 days to file an amended complaint if he believes such a complaint can be filed consistent with this opinion.

Further, if Marks chooses to file an amended complaint, he will have to pay the filing fee. In his request to proceed *in forma pauperis*, Marks represents that he makes $2692.31 per month, or about $32,300 annually. [DE 4] He also represents that he has three dependents whom he supports by providing child support and paying for their living expenses during visitations. [*Id*.] For a household of four people, the poverty line is $24,250 – well below Marks' current salary. His *in forma pauperis* petition [DE 4] will therefore be denied for the additional reason that Marks does not financially qualify for the relief he requests.

**SO ORDERED**.

ENTERED: July 17, 2015

                                                s/ Philip P. Simon
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT